IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| STEPHEN RUBEN, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * Civil No. 25-450-BAH |
| WELLS FARGO BANK, N.A., | * |
|  | * |
| Defendant. | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Stephen Ruben ("Plaintiff") originally filed this lawsuit against Defendant Wells Fargo Bank, N.A. ("Defendant") in the Circuit Court for Anne Arundel County, Maryland. *See* ECF 3 (complaint). The matter was removed to federal court on February 2, 2025, ECF 1, and Defendant moved to dismiss the action, ECF 6, which is currently pending before the Court. Also pending is Plaintiff's motion for leave to file an amended complaint, ECF 14, and Defendant's motion for leave to file a surreply, ECF 18. The Court has reviewed the motions and any memoranda in support, responses, supplements, and replies thereto.[1] *See* ECFs 13 (Plaintiff's opposition to motion to dismiss), 12 (Defendant's reply), 14 (Plaintiff's motion for leave to amend the complaint), 15 (Defendant's opposition to motion for leave to amend the complaint), 18 (Plaintiff's motion for leave to file a surreply), 19 (a document identical to ECF 18, filed as Plaintiff's reply), and 20 (Defendant's opposition to motion for leave to file a surreply).[2] The

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[2] The docket in this case is difficult to follow. On March 5, 2025, Plaintiff made two attempts at filing a response in opposition to Defendant's motion to dismiss but instead filed both as replies. *See* ECFs 8 and 9. The Clerk's Office rejected those documents as filed in error. *See* ECF

Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Plaintiff's motion for leave to file an amended complaint, ECF 14, will be granted, and Defendant's motion to dismiss, ECF 6, will be denied as moot, without prejudice to re-file, if appropriate, after the filing of the amended complaint. Defendant's motion for leave to file a surreply, ECF 18, will be denied as moot.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff is a real estate settlement attorney practicing in Maryland. ECF 3, at 2 ¶ 1. Plaintiff sued in state court on January 3, 2025, alleging numerous claims in connection with a real estate transaction involving property in Severna Park, Maryland that Plaintiff was handling on behalf of his client Eleanor Schmidt ("Schmidt"). *See id.* ¶ 1. Plaintiff alleges that "[o]n March 17, 2023, [he] requested a payoff statement from Defendant [] for [] Schmidt's existing mortgage on the property." *Id.* at 2 ¶ 3. That same day, Defendant sent the payoff statement via fax, which was then allegedly intercepted by an unauthorized third party. *Id.* at 2 ¶¶ 3–4. The third party altered the account number on the payoff statement to correspond with a bank account presumably owned by the third party (the "fraudulent account"). *Id.* at 2 ¶ 4. Plaintiff then received the altered payoff statement from the third party containing the fraudulent account number but otherwise

---

10. Defendant then filed its reply, ECF 12, presumably to either ECF 8 or 9. Plaintiff re-filed his opposition after Defendant had already filed its reply. ECF 13. That opposition, ECF 13, is again erroneously filed as a reply but was not rejected by the Clerk's Office. Next, Plaintiff filed his motion for leave to amend his complaint, ECF 14, which Defendant opposed, ECF 15. On May 8, 2025, Plaintiff filed identical documents, one as a reply and one as a motion for leave to file a surreply. *See* ECFs 18 and 19. The content of the identical documents indicates that they are intended to be a reply to Defendant's opposition, not a motion. Nevertheless, Defendant opposed the motion for leave to file a surreply. *See* ECF 20. There is no need for a surreply as Plaintiff is permitted to reply to Defendant's opposition and, indeed, did so. This motion will therefore be denied as moot. The Court asks that the parties be mindful to avoid erroneous and duplicative filings in the future.

including accurate information "regarding the borrower's name, property address, mortgage account number, and ABA account number." *Id.* at 2–3 ¶¶ 4–5. The property sale was completed on March 20, 2023. *Id.* at 3 ¶ 6. The following day, Plaintiff, "relying on the altered payoff statement," wired $290,856.59 in payoff funds to the fraudulent account. *Id.* ¶ 7. Plaintiff learned about the fraudulent account after his client alerted him that she was still receiving mortgage payment requests from Wells Fargo when that account should have been paid off on March 20. *Id.* ¶ 8. Plaintiff contacted Defendant, and Defendant confirmed that the account number on the payoff statement was altered. *Id.* ¶ 9. Defendant then "located the account where the funds were fraudulently directed," requested Plaintiff's bank, not a party to this case, "recall the funds and provide a hold harmless letter," and "placed a hold on the fraudulent account." *Id.* Plaintiff's bank did issue a wire recall, *id.*, but Defendant was only able to recover $170,000 of the funds wired to the fraudulent account. *Id.* at 7 ¶ 31. The seller of the property then "filed a claim against Plaintiff's malpractice carrier, which paid the missing amount of $120,000," resulting in "drastic increases in [Plaintiff's] coverage." *Id.* ¶ 32.

Based upon these factual allegations, Plaintiff asserts six causes of action, including: negligence based on Defendant's failure "to secure its facsimile system, allowing an unauthorized party to intercept and alter the payoff statement," (Count I), *id.* at 8–10; a breach of "ordinary care" due to Defendant's failure to follow "reasonable commercial standards" in handling the wire transfer, (Count II), *id.* at 10–12; constructive knowledge of fraud (Count III), *id.* at 12–15; a breach of Defendant's "duty to exercise ordinary care in the creation and monitoring of accounts to prevent fraudulent activities," (Count IV), *id.* at 15–17; a breach of Defendant's duty to "ensure that the drawer intended the depositor to receive the drawer's money when someone tries to deposit

3

a check made out to it in their own account," (Count V), *id.* at 17–20; and a claim for estoppel (Count VI), *id.* at 20–22.[3]

As it relates to alleged damages, Plaintiff claims that: 1) his "title insurance underwriters terminated their agency relationships with him due to this incident"; 2) he "was unable to secure new agency relationships with other title insurance carriers due to the events . . . resulting in unemployment and loss of income"; 3) he "suffered significant financial losses, including the misdirected funds, the April mortgage payment made on behalf of [his client], and the loss of his livelihood"; and 4) he "experienced mental anguish and reputational damage." *Id.* at 4 ¶ 11.

Defendant filed a notice of removal claiming federal subject matter jurisdiction based on diversity. ECF 1. Plaintiff did not file a motion for remand. Defendant then moved to dismiss Plaintiff's claims, ECF 6, and included a memorandum in support, ECF 6-1, arguing that dismissal was warranted under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 7.

More specifically, Defendants assert that Counts I through V should be dismissed because "claims arising out of wire transactions are governed by the Uniform Commercial Code as adopted by Maryland and codified in the Title 4A of the Commercial Law Article of the Annotated Code" ("C.L. § 4A") and alleging that Plaintiff's claims are not properly pled under a theory of negligence. *Id.* at 7–8. Defendant contends that Plaintiff is required, and fails, to plead that Defendant "knew about any misdescription of beneficiary to trigger the provisions of Section 4A based on the instructions provided by the receiving bank." *Id.* at 9. Additionally, Defendant states it lacks privity with Plaintiff, as required by C.L. § 4A-207, with respect to the wire transfer. *Id.* at 10–11. Next, Defendant moves to dismiss Plaintiff's negligence allegations because they are

---

[3] Plaintiff interchangeably uses "Count" and "Claim" to label the causes of action in his complaint and erroneously labels two different counts as number V. ECF 3, at 8–22. To avoid any confusion, the Court refers labels the estoppel count as "Count VI."

preempted by C.L. § 4A-207 and, additionally, fail to state a claim for negligence. *Id.* at 11–14. Defendant further argues that Plaintiff was contributorily negligent. *Id.* at 15–16. Finally, Defendant asserts that Count VI does not state a cognizable claim. *Id.* at 16.

Plaintiff then filed a motion for leave to file an amended complaint, ECF 14, with an amended complaint appended thereto, ECF 14-2. Plaintiff seeks to amend his complaint for several reasons, including to "ensure[ ] compliance with federal pleading standards," "respond to and address the issues raised in Defendant's Motion to Dismiss, thereby enhancing the clarity and sufficiency of the pleadings," and "[t]o revise allegations that no longer assume Defendant's allegation of fraud in the payoff statement, which has led to the identification of additional causes of action." ECF 14, at 1–2 ¶ 4. Plaintiff asserts that "[t]he proposed amendments are not sought in bad faith, nor will they cause undue delay or prejudice to the Defendant" and seeks to "clarify the issues and promote the efficient resolution of this matter." *Id.* at 2 ¶ 5. Plaintiff seeks to raise ten causes of action[4] and requests relief in the form of "[c]ompensatory damages in the amount of $120,000," damages for "loss of future income and other consequential damages" and "mental anguish," "[p]re-judgment and post-judgment interest," and "[a]ttorney's fees." *Id.* at 26.

---

[4]    Plaintiff seeks to raise ten causes of action in the proposed amended complaint, including negligence based on Defendant's "[f]ailure to secure its fax transmission system to prevent unauthorized access," (Count I), ECF 14-2, at 5–8; a breach of "ordinary care" due to Defendant's failure to follow "reasonable commercial standards" in handling the wire transfer, (Count II), *id.* at 8–10; negligence, failure to exercise ordinary care, and constructive knowledge of fraud based on Defendant's "failure to exercise commercially reasonable care in processing payment orders and verifying critical information, including the relevant account numbers" (Count III), *id.* at 10–13; a breach of Defendant's "duty to exercise ordinary care in the creation and monitoring of accounts to prevent fraudulent activities" (Count IV), *id.* at 13–17; Defendant's negligence "in applying the [payoff] funds to the incorrect account" (Count V), *id.* at 17–18; "maintaining fraudulent accounts" (Count VI), *id.* at 18–19; breach of contract (Count VII), *id.* at 19–20; violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693f, (Count VIII), *id.* at 20–21; breach of Defendant's duty to "exercise due care to ensure that the drawer intended the depositor to receive the drawer's money when someone tries to deposit a check made out to it in their own account," (Count IX), *id.* at 21–25; and conversion (Count X), *id.* at 25–26.

## II.    ANALYSIS

The Court first turns to the motion for leave to amend as it is dispositive of the pending motions. Courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While it is within the discretion of a district court to deny leave to amend, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons that justify denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* The Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Amendment is not required if it would be futile. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("A district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted)). A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986); *see also* 6 Arthur R. Miller, et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)). Review for futility "does not involve 'an

evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515,

522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, Civ. No. RDB-12-

2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed

amendment may clearly be seen to be futile because of substantive or procedural considerations, .

. . conjecture about the merits of the litigation should not enter into the decision whether to allow

amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, Civ. No. CCB-11-0986,

2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alterations in original) (quoting *Davis v. Piper

Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)).

Defendant essentially argues that Plaintiff's proposed amended complaint cannot survive

a 12(b)(6) motion and thus permitting amendment would be futile. ECF 15, at 10–16. "[I]t may

be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot

withstand a Rule 12(b)(6) motion." *Sulton v. Baltimore Cnty.*, Civ. No. SAG-18-2864, 2021 WL

82925, at *2 (D. Md. Jan. 11, 2021) (collecting cases). "That being said," however, "it does not

follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can

withstand a Rule 12(b)(6) motion" because "[s]uch a requirement would render superfluous the

Fourth Circuit's definition of a futile claim as one that is 'clearly insufficient or frivolous on its

face,' and would run contrary to the Fourth Circuit's well-established 'policy to liberally allow

amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a).'" *Id.* (first quoting

*Johnson*, 785 F.2d at 510; then quoting *Galustian*, 591 F.3d at 729).

Permitting the filing of an amended complaint is the appropriate outcome here because

Plaintiff raises new potentially cognizable claims that are not "clearly insufficient or frivolous on

[their] face." *Johnson*, 785 F.2d at 510. Plaintiff also attempts to refine some of his legal claims.

For example, as to Plaintiff's negligence claim under Count I, Plaintiff purports to more clearly

allege facts in support of his claim and address the Uniform Commercial Code as raised in Defendant's motion to dismiss. ECF 14, at 5–8. Further, there is no allegation of "undue delay, bad faith or dilatory motive on the part of the movant," *Foman*, 371 U.S. at 182, and this is Plaintiff's first attempt at amending his complaint. Plaintiff will thus be granted leave to file the amended complaint.

Since "[i]t is well settled that an amended pleading supersedes the original," *Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)), the docketing of the amended complaint will render moot the pending motion to dismiss, ECF 6, as well as the pending motion for leave to file a surreply, ECF 18.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion seeking leave to amend the complaint, ECF 14, will be GRANTED, and the Clerk will be instructed to docket the amended complaint, ECF 14-2. Defendant's motion to dismiss, ECF 6, and Plaintiff's motion to file a surreply, ECF 18, are DENIED as moot. Defendants shall file a response, whether an answer or a Rule 12 motion, within twenty-one (21) days of the issuance of this memorandum opinion and its accompanying implementing order. A separate implementing Order follows.

Dated: September 23, 2025

/s/
Brendan A. Hurson
United States District Judge