**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | * |
| STEPHEN RUBEN, | |
| | * |
| Plaintiff, | |
| | * |
| v. | |
| | *    Civil No. 25-450-BAH |
| WELLS FARGO BANK, N.A., | |
| | * |
| Defendant. | |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiff Stephen Ruben ("Plaintiff") originally filed this lawsuit against Defendant Wells Fargo Bank, N.A. ("Defendant") in the Circuit Court for Anne Arundel County, Maryland. *See* ECF 3 (complaint). The matter was removed to federal court on February 2, 2025, ECF 1, and Defendant moved to dismiss the action, ECF 6. Plaintiff opposed dismissal but also filed a motion for leave to file an amended complaint. *See* ECF 14. The Court granted the motion to amend, which mooted the motion to dismiss. *See* ECF 21 (Memorandum Opinion); ECF 22 (Order). The amended complaint was docketed, ECF 23, which Defendant again moved to dismiss, ECF 24. Plaintiff opposed the motion, ECF 25, and Defendant replied, ECF 27. Later, Plaintiff moved for leave to file a second amended complaint. *See* ECF 28. Defendant filed an opposition. *See* ECF 29. The Court has reviewed the motions and any memoranda in support, responses, supplements, and replies thereto.[1] The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Plaintiff's motion for leave to file a second amended

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

complaint, ECF 28, will be granted, and Defendant's motion to dismiss, ECF 24, will be denied as moot, without prejudice to re-file after the filing of the second amended complaint.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

The Court previously summarized the factual allegations in this case in its September 23, 2025 Memorandum Opinion, see ECF 21, and assumes familiarity with those facts. Relevant to the pending motions, the operative complaint alleges multiple claims related to an attempt by Plaintiff, an attorney, to handle the sale of a property in Severna Park, Maryland for the seller, Eleanor Schmidt ("Schmidt"). ECF 23, at 2 ¶ 2. Plaintiff alleges that "[o]n March 17, 2023, [he] requested a payoff statement from Defendant [] for [] Schmidt's existing mortgage on the property." *Id.* at 2 ¶ 3. That same day, Defendant sent the payoff statement via fax, which was then allegedly intercepted by an unauthorized third party. *Id.* at 2 ¶¶ 3–4. The third party altered the account number on the payoff statement to correspond with a bank account presumably owned by the third party (the "fraudulent account"). *Id.* at 2 ¶ 4. Plaintiff then received the altered payoff statement from the third party containing the fraudulent account number but otherwise including accurate information "regarding the borrower's name, property address, mortgage account number, and ABA account number." *Id.* at 2–3 ¶¶ 4–5. The property sale was completed on March 20, 2023. *Id.* at 3 ¶ 6. The following day, Plaintiff, "relying on the altered payoff statement," wired $290,856.59 in payoff funds to the fraudulent account. *Id.* at 3 ¶ 7. Plaintiff learned about the fraudulent account after his client alerted him that she was still receiving mortgage payment requests from Wells Fargo when that account should have been paid off on March 20. *Id.* ¶ 8. Plaintiff contacted Defendant, and Defendant confirmed that the account number on the payoff statement was altered. *Id.* ¶ 9. Defendant then "located the account where the funds were fraudulently directed," requested Plaintiff's bank, not a party to this case, "recall

the funds and provide a hold harmless letter," and "placed a hold on the fraudulent account." *Id.* Plaintiff's bank did issue a wire recall, *id.*, but Defendant was only able to recover $170,000 of the funds wired to the fraudulent account. *Id.*

Based upon these factual allegations, Plaintiff asserts multiple causes of action, including: negligence based on Defendant's failure "to secure its facsimile system, allowing an unauthorized party to intercept and alter the payoff statement," (Count I), *id.* at 5–6; a breach of "ordinary care" due to Defendant's failure to follow "reasonable commercial standards" in handling the wire transfer, (Count II), *id.* at 8–9; "negligence, failure to exercise ordinary care, and constructive knowledge of fraud" (Count III), *id.* at 10–13; a breach of Defendant's "duty to exercise ordinary care in the creation and monitoring of accounts to prevent fraudulent activities," (Count IV), *id.* at 13–17; negligence "in applying the funds to the incorrect account," (Count V), *id.* at 17–18; Fraud (Count VI), *id.* at 18–19; breach of contract (Count VII), *id.* at 19–20; violation of the "Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693f (Count VIII), *id.* at 20–21; a violation of a Maryland common law duty to "exercise due care to ensure that the drawer intended the depositor to receive the drawer's money when someone tries to deposit a check made out to it in their own account," (Count IX)[2], *id.* at 21–25, and a claim for conversion (Count X), *id.* at 25–26. Plaintiff seeks compensatory damages in the amount of $120,000 for the financial loss he suffered along with compensation for other damages, attorney's fees, and "other and further relief as this Court deems just and proper." *Id.* at 26.

Defendant asserts that all ten counts must be dismissed, albeit for different reasons. ECF 24-1. It generally asserts that the amended complaint "is replete with improper legal conclusions,

---

[2] Plaintiff interchangeably uses "Count" and "Claim" to label the causes of action in his amended complaint and erroneously labels this count as "Claim IV." ECF 23, at 21–22. To avoid any confusion, the Court refers labels this allegation as "Count IX."

argument, and case law contrary to [Fed. R. Civ. P.] 8." *Id.* at 11. Defendant further alleges that all negligence claims should be dismissed because Plaintiff was "contributorily negligent." *Id.* at 20. Defendant also avers that Count VII fails to state a claim for breach of contract, Count VIII fails to state claim under the EFTA and is otherwise untimely, and Count X fails to allege a valid claim for conversion. *Id.* at 21–25. Plaintiff responded by arguing that no counts should be dismissed. *See* ECF 25.

While the motion to dismiss remained pending, Plaintiff filed a motion for leave to file a second amended complaint, ECF 28, with a second amended complaint appended thereto, ECF 28-1. Plaintiff seeks to amend the operative complaint by "removing five counts from the Amended Complaint," including "Count I- Negligence – Failure to Secure Facsimile Transmissions; Count II- Breach of Ordinary Care; Count III- Negligence, Failure to Exercise Ordinary Care and Constructive Knowledge of Fraud; Count IV- Bank's Duty of Care in Preventing Fraudulent Activities Under Maryland Law; Count V- Negligence In Sending Payoff Statement With Incorrect Account Number; Count IX- Duty of The Defendant to Non-Customer Drawer For Bank Negligence." *Id.* at 1–2. Plaintiff does, however, seek to maintain a "standard claim for negligence against [] Defendant." *Id.* at 2. Thus, Plaintiff seeks to maintain the following claims: "Breach of Contract- Count I; Conversion – Count II; Negligence- Count III, Fraud- Count IV; and Violation of the Electronic Funds Transfer Act- Count V[.]" *Id.* at 2. Plaintiff also "seeks to clarify the facts and statutory authority specified in the original complaint." *Id.* at 3.

Defendant opposes the amendment and argues it is "as unduly delayed, prejudicial, continually defective, and futile." ECF 29, at 2. Defendant contends that the proposed second amended complaint includes the same allegations as the currently operative complaint, but notes that Plaintiff now seeks to rely "on a form notice letter of an alleged data breach made to the

Maryland Attorney General in 2024 which was posted on the internet[.]" *Id.* at 3. Defendant notes prejudice in the fact that Defendant "has twice briefed motions to dismiss as well as (now) twice opposed motions for leave to amend." *Id.* at 10. Defendant also notes that the amendments are "futile" because the proposed amended complaint "still fails to meet the heightened pleading standard required by Fed. R. Civ. P. 9(b) to the extent that [Plaintiff's] claims in the proposed [second amended complaint] are based on allegedly fraudulent conduct." *Id.* at 11. Defendant also arguees that the EFTA claim remains "inapplicable and time-barred," the conversion count is "facially futile," and the negligence claim "still fails to allege a duty of care owed to [Plaintiff] by [Defendant], or any breach thereof." *Id.* at 13 (capitalization removed).

## II.    ANALYSIS

The Court first turns to the motion for leave to file the second amended complaint as it is dispositive of all of the pending motions. Courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While it is within the discretion of a district court to deny leave to amend, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons that justify denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* The Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

5

Amendment is not required if it would be futile. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("A district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted)). A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986); *see also* 6 Arthur R. Miller, et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)). Review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, Civ. No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, Civ. No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alterations in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)).

Defendant again argues that Plaintiff's newest proposed amended complaint cannot survive a motion to dismiss and thus argue that allowing further amendment would be futile. ECF 29, at 11. "[I]t may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion." *Sulton v. Baltimore Cnty.*, Civ. No. SAG-18-2864, 2021 WL 82925, at *2 (D. Md. Jan. 11, 2021) (collecting cases). "That being said,"

6

however, and as the Court previously noted in addressing the first motion to amend, "it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion" because "[s]uch a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is 'clearly insufficient or frivolous on its face,' and would run contrary to the Fourth Circuit's well-established 'policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a).'" *Id.* (first quoting *Johnson*, 785 F.2d at 510; and then quoting *Galustian*, 591 F.3d at 729).

Permitting the filing of a second amended complaint is appropriate here because Plaintiff seeks to streamline the case by dropping claims and to further clarify the allegations by adding additional alleged facts. Thus, as was the case when the Court addressed a challenge to amending the original complaint, the Court is still not positioned to find that the remaining claims are "clearly insufficient or frivolous on [their] face." *Johnson*, 785 F.2d at 510. Further, there is no "undue delay, bad faith or dilatory motive on the part of the movant," *Foman*, 371 U.S. at 182, since discovery has yet to begin, no trial date has been set, and a motion to dismiss remains pending that can easily be re-filed to address the streamlined allegations. Plus, a slight pause in the litigation alone is not sufficient to deny leave to amend. *Brightwell v. Hershberger*, Civ. No. DKC-11-3278, 2015 WL 5315757, at *3 (D. Md. Sept. 10, 2015) ("Delay, however, 'cannot block an amendment which does not prejudice the opposing party.'") (quoting *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990)).

Defendant validly notes the inconvenience that comes with the filing of multiple motions and the inevitable filing of another motion to dismiss that will likely follow. However, as Judge Gallagher observed, "[t]hough this procedure is somewhat lacking in efficiency, in this Court's view, the cleanest record will be produced by permitting Plaintiff['s] Second Amended Complaint

7

to be filed, and then asking Defendant[] to re-file [] arguments in favor of dismissal for this Court's substantive consideration under the Rule 12(b)(6) standard." *Sulton*, 2021 WL 82925, at *3. Plaintiff will thus be granted leave to file the second amended complaint which drops claims and refines the factual allegations.

Since "[i]t is well settled that an amended pleading supersedes the original," *Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)), the docketing of the amended complaint will render moot the pending motion to dismiss the amended complaint at ECF 24.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion seeking leave to again amend the complaint, ECF 28, will be GRANTED, and the Clerk will be instructed to docket the second amended complaint, ECF 28-1. Defendant's motion to dismiss the amended complaint, ECF 24, is DENIED as moot. Defendants shall file a response, whether an answer or another Rule 12 motion, within twenty-one (21) days of the issuance of this memorandum opinion and its accompanying implementing order. A separate implementing Order follows.

Dated: <u>April 28, 2026</u>                                        <u>        /s/        </u>
                                                            Brendan A. Hurson
                                                            United States District Judge

8